UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIAS RODRIGUEZ; ENKI RODRIGUEZ; ENKI RODRIGUEZ-MORALES,

Plaintiffs,

-against-

THE NEW YORK COUNTY (MANHATTAN) FAMILY COURT,

Defendant.

25-CV-5795 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action against the New York County Family Court. He seeks custody of his two children and an order of protection for them against unidentified officers at the New York City Police Department ("NYPD"). By order dated July 23, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff alleges that from 1991 to the present day, in New York City, events giving rise to his claims occurred; he does not, however, describe those events. He seeks custody of his two children and an order of protection against the NYPD officers who "are my problem for each of them and the[ir] mothers." (ECF 1, at 5.) In the relief section of the complaint, Plaintiff asks to "[g]et those cops away from my family." (*Id.*)

## DISCUSSION

The Court dismisses any claims Plaintiff seeks to assert against the New York County Family Court because it is immune from liability in this action. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks, alterations, and citation omitted). This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "'It has long been settled' that state sovereign immunity precludes 'not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.'" *Baroni v. Port Auth. of New York & New Jersey*, 161 F.4th 48, 56 (2d Cir. 2025) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429, 117 S. Ct. 900, 137

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

L.Ed.2d 55 (1997)). Thus, sovereign immunity "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

The New York County Family Court is a part of the New York State Unified Court System, which "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Gollomp*, 568 F.3d at 368 (citation omitted); *see Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504 n.1 (2d Cir. 2011) (summary order) (holding that claims against the New York Supreme Court are barred by the Eleventh Amendment (citing *Gollomp*, 568 F.3d at 368)). The Court therefore dismisses Plaintiff's claims against the New York County Family Court as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *see generally Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 238 (2d Cir. 2006) (noting that "lower courts may raise the issue of Eleventh Amendment immunity sua sponte").

To the extent Plaintiff seeks an order from this Court awarding him custody of his children, the Court must deny this request. A federal district court generally must abstain from exercising federal question jurisdiction of claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child" so long as those claims may be fully and fairly determined in the state courts. *See Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (affirming district court's dismissal of child custody claims on abstention grounds where the district court had federal question jurisdiction). Here, to the extent Plaintiff seeks an order from this Court, awarding him custody of his children, this request is denied because the Court must abstain from addressing any claims that would require the Court to "interpret state domestic relations law or

immerse itself in domestic relations matters." *Evans v. Adams*, No. 22-CV-3882, 2024 WL 306240 (E.D.N.Y. Jan. 26, 2024) (internal quotation marks and citation omitted). Plaintiff's allegations do not suggest that he cannot fully and fairly litigate the issue of custody of his minor children in the state courts. The Court therefore abstains, pursuant to the domestic relations abstention doctrine, from adjudicating Plaintiff's custody claims and dismisses such claims without prejudice.[2]

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

[2] Plaintiff also seeks an order of protection for his children against unidentified NYPD officers. Any request for an order of protection must be filed in the state courts.

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The warning issued by this Court in *Rodriguez v. Morales*, No. 25-CV-1968 (LLS), 2026 WL 1694706, at *5 (S.D.N.Y. June 11, 2026) remains in effect.

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: October 25, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.